# IN THE UNITED STATES DISTRICT COURT FOR THE
# WESTERN DISTRICT OF MISSOURI
# SOUTHERN DIVISION

| | | |
|---|---|---|
| ROBERT W. HENDERSON, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No. 12-3375-SSA-CV-S-MJW |
| | ) | |
| CAROLYN W. COLVIN, | ) | |
| Acting Commissioner, | ) | |
| Social Security Administration, | ) | |
| | ) | |
| Defendant. | ) | |

## ORDER

Plaintiff, Robert W. Henderson, seeks judicial review,[1] of a final administrative decision denying him disability benefits under Title II of 42 U.S.C. § 401 *et seq.* Section 405(g) provides for judicial review of a final decision of the Commissioner of the Social Security Administration under Title II. Section 1613(a)(3) of the Act and 42 U.S.C. § 1383(c)(3) provide for judicial review to the same extent as the Commissioner's final determination under section 205.

The parties' briefs are fully submitted, and an oral argument was held on July 15, 2013. The complete facts and arguments are presented in the parties' briefs and will not be repeated here.

### Standard of Review

The Eighth Circuit has set forth the standard for the federal courts' judicial review of denial of benefits, as follows:

> Our role on review is to determine whether the Commissioner's findings are supported by substantial evidence on the record as a whole. Substantial evidence is less than a preponderance, but is enough that a reasonable mind would find it adequate to support the Commissioner's conclusion. In determining whether existing evidence is substantial, we consider evidence that detracts from the Commissioner's decision as well as evidence that supports it. As long as substantial evidence in the record supports the Commissioner's decision, we may

---

[1] With the consent of the parties, this case was assigned to the United States Magistrate Judge, pursuant to the provisions of 28 U.S.C. § 636(c).

not reverse it because substantial evidence exists in the record that would have supported a contrary outcome or because we would have decided the case differently.

Baker v. Barnhart, 457 F.3d 882, 892 (8th Cir. 2006).

The claimant has the initial burden of establishing the existence of a disability as defined by 42 U.S.C. § 423(d)(1). See Roth v. Shalala, 45 F.3d 279, 282 (8th Cir. 1995). To meet the statutory definition, "the claimant must show (1) that he has a medically determinable physical or mental impairment which will either last for at least twelve months or result in death, (2) that he is unable to engage in any substantial gainful activity, and (3) that this inability is the result of his impairment." McMillian v. Schweiker, 697 F.2d 215, 220 (8th Cir. 1983).

When reviewing the record to determine if there is substantial evidence to support the administrative decision, the court considers the educational background, work history and present age of the claimant; subjective complaints of pain or other impairments; claimant's description of physical activities and capabilities; the medical opinions given by treating and examining physicians; the corroboration by third parties of claimant's impairments; and the testimony of vocational experts when based upon proper hypothetical questions that fairly set forth the claimant's impairments. McMillian, 697 F.2d at 221.

## Discussion

Plaintiff filed a Title II application for a period of disability and disability insurance benefits on January 13, 2010. Plaintiff reported he became disabled on August 1, 2008, and he last worked on July 30, 2008, due to his impairments. He has not engaged in substantial gainful activity since the alleged date of disability on August 1, 2008. The plaintiff has past relevant work as a pastor and a substitute teacher.

Plaintiff was denied initially on March 17, 2010, and filed a timely Request for Hearing by the Administrative Law Judge (ALJ) on March 23, 2010. The ALJ issued an unfavorable decision for the plaintiff on May 4, 2011. The ALJ found that plaintiff met the insured status requirements of the Social Security Act through July 31, 2013; that he has not engaged in substantial gainful activity since the alleged date of disability on August 1, 2008; and that he has the following medically determinable impairments: Crohn's disease, headaches, and iritis/uveitis. The ALJ further determined the plaintiff did not have an impairment or

combination of impairments that has significantly limited (or is expected to significantly limit) the ability to perform basic work-related activities for twelve consecutive months; therefore, the plaintiff does not have a severe impairment or combination of impairments, pursuant to 20 C.F.R. §§ 404.1521 *et seq.* This prompted the ALJ to stop the sequential evaluation at the second step of the process, and consequently determine that the plaintiff has not been under a disability as defined by the Social Security Act, from August 1, 2008, through the date of the decision. (20 C.F.R. § 404.1520(e).) Plaintiff filed a Request for Review of Hearing Decision/Order with the Appeals Council on June 2, 2011. The Appeals Council denied plaintiff's request for review on June 8, 2012.

In order to be eligible for disability benefits under the Social Security Act, an individual must meet the insured requirements, be under the age of 65, file an application, and be under a disability as defined by 42 U.S.C. § 423(d)(1)(A).

The sole issue before this Court is whether or not the ALJ was correct in ending the evaluation process at the second step by concluding that the plaintiff did not have a severe impairment or combination of impairments that lasted or is expected to last for at least twelve months.

Plaintiff alleges the ALJ erred when he determined plaintiff's Crohn's disease or chronic inflammatory bowel disease (IBS) was not a severe impairment at step two of the sequential evaluation process. Plaintiff further alleges error in ending the evaluation process at the second step and not continuing the evaluation.

The Commissioner replies in opposition, alleging the ALJ correctly determined that the plaintiff had a medically determinable impairment, and the ALJ correctly determined that plaintiff's Crohn's disease did not significantly limit his ability to do basic work-related activities, and therefore, is not a severe impairment as defined in section 404.1521(a). The Commissioner further replies in support of the ALJ's decision to cease the sequential evaluation process at step two.

After reviewing this case in its entirety, and considering the arguments of the parties presented at oral argument on July 15, 2013, this Court finds that, despite a thorough opinion by the ALJ, this case must be remanded to the Commissioner. Remand is necessary and proper to complete the sequential evaluation, and determine if plaintiff is eligible for disability benefits. A

severe impairment is defined as "any impairment or combination of impairments which significantly limits [the claimant's] physical or mental ability to do basic work activities…." 20 C.F.R. § 404.1520(c). Plaintiff's Crohn's disease requires him to take frequent and unscheduled breaks from work to use the restroom. Plaintiff testified that eighty percent of the time, he experienced diarrhea three to six times a day. A vocational expert testified that if an individual needed to leave the work station three to four times each day for unscheduled breaks, there would be no work available. Being forced to leave the work station three or more times each day would significantly limit an individual's ability to do basic work activities.

While the burden at step two of the evaluation is on the plaintiff, this burden is minimal. Caviness v. Massanari, 250 F.3d 603, 605 (8th Cir. 2001). Social Security Ruling 85-82 states that, "great care should be exercised in applying the not severe impairment concept." The ALJ can consider many factors in determining whether impairments are severe at step two of the evaluation process. Absent supporting medical evidence, the ALJ can consider a claimant's subjective medical complaints. See Wilson v. Chater, 76 F.3d 238, 241 (8th Cir. 1996). In the present case, both plaintiff's subjective complaints as well as medical evidence support plaintiff's limitations due to his Crohn's disease. Plaintiff's treating physician, Dr. MacKercher, consistently treated and evaluated the plaintiff from November 2005 to August 2010. In plaintiff's last recorded visit with Dr. MacKercher on August 17, 2010, he reported having three to four stools a day. Plaintiff was prescribed to Entocort and Prednisone to specifically treat his Crohn's disease, but continued to suffer from the impairment. Plaintiff also has a good work history as a pastor for thirty years, which he reported he had to stop because of his Crohn's disease, and not for reasons other than his medical condition.

The sequential evaluation process may be terminated at step two when the claimant's impairment or combination thereof would have *no more than a minimal effect* on the claimant's ability to work. See Simmons v. Massanari, 264 F.3d 751, 755 (8th Cir. 2001) (emphasis added). Here, the vocational expert testified that if someone had to leave the work station three to four times each day for unscheduled work breaks, there would be no work available. Plaintiff has reported that eighty percent of the time he has diarrhea three to six times a day, and was forced to quit his job for no other reason but his medically diagnosed Crohn's disease. In the

instant case, plaintiff suffers from a severe impairment that significantly limits his ability to do basic work activities.

Remand to the Commissioner is proper in the instant case to find that Crohn's disease is a severe impairment, and to finish the sequential evaluation process to determine plaintiff's eligibility to receive disability benefits.

**Conclusion**

Because of the errors set forth above, this Court finds that the ALJ's opinion is not supported by substantial evidence in the record.

IT IS, THEREFORE, ORDERED that the decision of the Commissioner is reversed and this case is remanded to the Commissioner with instructions to complete the sequential evaluation process.

Dated this 25th day of July, 2013, at Jefferson City, Missouri.

/s/ *Matt J. Whitworth*
MATT J. WHITWORTH
United States Magistrate Judge